# Mel S. Harris and Associates, LLC
### ATTORNEYS AT LAW
5 HANOVER SQUARE, 8th Floor
NEW YORK, NY 10004
Tel (866) 414-7444  (212) 571-4900
Fax (212) 571-0965

MEL S. HARRIS            HILARY KORMAN
DAVID WALDMAN            JOEL VAGO
ARTHUR SANDERS           SHELBY K. BENJAMIN
SCOTT WORTMAN            RACHEL HISLER

October 10, 2012

<u>            VIA ECF            </u>
Chief Magistrate Judge Steven M. Gold
U. S. District Court
Eastern District of New York
Brooklyn, NY. 11201

*RE:*    **REQUEST FOR RELIEF FOR PLAINTIFF'S VIOLATIONS OF JUDGE GOLD'S 10/1/2012 ORDER, AND REQUEST FOR PRE-MOTION CONFERENCE TO FILE MOTION TO DISMISS FOR INSUFFICIENT SERVICE AND FAILURE TO PROSECUTE**
*Feder v. Capital Management Services, L.P.*
U.S. District Court, E.D.N.Y. Case No. 12-2505(JBW)(SMG)

Dear Judge Gold:

We are the attorneys for the defendant Capital Management Services, L.P. ("Capital Management") in the above-styled action. Capital Management has been forced to bring this application to the Court's attention due to plaintiff's non-compliance with the Court's October 1, 2012 Civil Minute Entry and history of non-compliance with the federal rules in this case. Based on such non-compliance, and the history of this case, Capital Management is additionally requesting a pre-motion conference to discuss the possibility of filing a motion to dismiss for failure to prosecute and/or insufficient service as a result, and/or any other further and other relief as the Court deems just and proper.

As the Court will recall, an initial conference was held last week, on October 1, 2012. At that time, the undersigned explained that Capital Management had not yet been served with a summons and complaint and that the plaintiff had not complied with Fed.R.Civ.P. 4(m) in that he failed to effectuate service within 120 days after the filing of the complaint. *See Counter Terrorist Group US v. New York Magazine,* 374 Fed.Appx.233 (2d Cir. 2010). After some discussion, and plaintiff's counsel's acknowledgement of the error, the Court ordered plaintiff to serve Capital Management by October 16, 2012 (*see Document #8,* October 1, 2012 Civil Minute Entry). In addition, as plaintiff had previously sent correspondence to Capital Management's incorrect address, the Court ordered Capital Management to provide plaintiff with a proper service address for it by October 2, 2012 (*Id.*).

Later that day, plaintiff's co-counsel Mr. Rahman e-mailed the undersigned, with a copy to co-counsel Mr. Maximov, and stated, in pertinent part:

> Please provide us with the address for service of process that you mentioned at the conference today. Also, please note that the FRCP requires service on the attorney if a party is represented. This means that we will need to serve you or another member of your firm.
>
> It would be much easier if you returned the executed waiver to us. Given that the judge is not likely to entertain a motion to dismiss for failure to prosecute, a waiver of service would be much easier for all parties here.

The next day, October 2, 2012, the undersigned responded to both attorneys and stated, in pertinent part:

> My client's service address is Capital Management Services, 698 1/2 So. Ogden St., Buffalo, NY. 14206.
>
> I'm not sure what you are relying on, but the federal rules require service on a party directly, unless the party provides authority for the attorney to accept service. We do not have the authority here so please be guided accordingly.

Copies of the entire e-mail exchange are annexed hereto at **Exhibit A.**

Despite the undersigned's warning, and clear direction provided at the October 1, 2012 conference and October 1, 2012 minute entry, a hand delivered waiver of service pursuant to Fed.R.Civ.P. 4(d) was delivered to our office on or around October 3, 2012[1] (see **Exhibit B**).

Then, to our surprise, on today's date, an alleged "declaration of service" was filed with the Court (see Document No. 9). There are a variety of concerning discrepancies on the "proof of service." First, it is dated 10/1/2012 at 10:47 a.m., despite the fact that the above-referenced court order mandating the service by a date certain had not been entered at that time[2], and the subject package (see **Exhibit B**) had not been delivered to the undersigned's office until at least October 3, 2012, as described above. Second, the proof of service seems to indicate that "corporate service" was effectuated on an *employee of defendant's counsel's office* pursuant to Fed.R.Civ.P.4(h). However, as seen in the documents delivered at **Exhibit B,** the package contained a *waiver of service*, not a summons and complaint. In addition, plaintiff's counsel was previously advised that we were not authorized to accept service on Capital Management's behalf, and was even ordered by the Court to serve *defendant at the address provided.*

Despite the fact that there has been no proper service of a summons and complaint in this case, even if there had been, as previously communicated to plaintiff's counsel, service of process on an attorney who is not authorized to accept service for his or her client is ineffective. *See Santos v. State Farm Fire and*

---

[1] While the package was not stamped "received" by our office, the undersigned personally recalls reviewing the October 2, 2012 e-mail in a confused response to the package, dated October 3, 2012, and personally recalls receipt of the package on either October 3, 2012 or October 4, 2012. In any event, the undersigned is positive that the package was not received on the 1st, and this is evident by the date listed on the document as well as the updated address for defendant on the document, not furnished to plaintiff's counsel until October 2, 2012.

[2] The 10/1/2012 initial conference took place at 3:00 p.m.

Chief Magistrate Judge Steven M. Gold
October 10, 2012
Page 3

*Cas. Co.,* 902 F.2d 1092 (2d Cir. 1990); Rule 4(h)[3]. It is incomprehensible that, despite plaintiff's ample time to properly effectuate service, express instructions by the Court and the undersigned, and receipt of defendant's proper service address on a silver platter, the mishaps continue. As a result, it is apparent that plaintiff does not have any interest, or is unable, to seriously pursue this case.

For all of these reasons, Capital Management requests that a pre-motion conference be had to discuss the possibility of filing a Rule 12(b) Motion to Dismiss for insufficient service of process/insufficient process, and/or a Motion to Dismiss for failure to prosecute pursuant to Rule 41(b), and/or any other and further relief as the Court deems just and proper. Due the unique circumstances of the recent turn of events and violation of Judge Gold's order, this application is being made to Judge Gold. However, if the Court would like the undersigned to proceed in accordance with District Judge Weinstein's rules, Capital Management requests guidance in that regard.

Thank you for your consideration.

Respectfully submitted,


____/s/ Hilary Korman_____
Hilary F. Korman, Esq.
Attorney for Defendant
Mel S. Harris & Associates, LLC
5 Hanover Square, 8th Fl.
New York, NY. 10004
(212) 571-4900 Ext. 3309


*cc*:
Attorneys for Plaintiff via ECF and Electronic Mail
hrahman@rahmanlegal.com; mmaximov@mmaximov.com

---

[3] The pertinent part of Rule 4(h)(B) reads "by delivering a copy of the summons and of the complaint to an officer, a managing agent or general agent, or any other agent *authorized* by appointment or law to receive service of process and- if the agent is one authorized by the statute and the statute so requires- by also mailing a copy of each to the defendant.."