# MAXIM MAXIMOV, LLP

ATTORNEYS AT LAW

1600 AVE M • SECOND FLOOR
BROOKLYN • NEW YORK • 11230

EMAIL MMAXIMOV@MMAXIMOV.COM
TELEPHONE (718) 395-3459
FAX (718) 408-9570

October 11, 2012

**VIA ECF**
Chief Magistrate Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    Civil Action No. CV-12-2505
                  Louis Feder v. Capital Management Services, LP

Dear Chief Magistrate Gold:

      I represent the Plaintiff in the above-referenced matter. I submit this short response to the Letter Motion filed by Hilary Korman, Esq. on behalf of Capital Management Services, LP.

      Ms. Korman asserts that we have failed to comply with Your Hobor's October 1, 2012 Civil Minute Entry.

      Regretfully we must inform the court that the motion filed by opposing counsel is frivolous, riddled with false statements, unethical allegations and warrants sanctions.

      At Your Honor's initial conference on October 1, 2012, we were ordered to provide Ms. Korman with the telephone recording at issue in this case on or before October 8, 2012, which we have timely provided. Your Honor further ordered that we serve the complaint by October 16, 2012 to Capital Management Services, LP at the address provided by Ms. Korman. Ms. Korman provided us with the address, Capital Management Services, LP, 698 1/2 South Ogden Street, Buffalo, New York 14206 and we immediately submitted the complaint for service. At the time that Ms. Korman filed the instant motion, we contacted our process servers to inquire into the status of service. We were informed

that Capital Management Services, LP has infact been served and that an Affidavit of Service will be provided to our firm for filing within several hours.  Keeping in mind that the Affidavit of Service, as per Your Honor's Civil Minute Entry, was ordered on or before October 16, 2012, we were in full compliance with the order as there were still 6 days until the Affidavit of Service must be filed.  We are in full compliance with Your Honor's order and we are in full compliance with the federal rules.

	Ms. Korman states that her office was served on October 3, 2012 after Your Honor's order.  First and foremost, Ms. Korman's office was not served on October 3, 2012 but rather her office was served on October 1, 2012 (See Docket #9).  Ms. Korman refers to a "declaration of service" which was filed with the Court dated 10/1/2012 at 10:47 a.m. and she states "the above-referenced court order mandating the service by a date certain had not been entered at that time".  Ms. Korman is correct – the date of Your Honor's order was entered AFTER the service on Ms. Korman's office.  This is because the service dated October 1, 2012 at 10:47 a.m. (see Docket #9) has been submitted for service BEFORE Your Honor's order was entered and we submitted the service on Ms. Korman's office PRIOR to the date of Your Honor's order because Ms. Korman's client had not executed a Waiver of Service and personal service needed to be effectuated personally on Ms. Korman's office (since direct communication with Ms. Korman's client was not permitted as her office has been retained).  The documentation that Ms. Korman has attached dated October 3, 2012 (see Docket # 10, Exhibit B) is simply a courtesy copy of the service papers that we mailed to her client as per Your Honor's order.  Furthermore, this morning, we received the Affidavit of Service from our process server indicating that Ms. Korman's client has been served on October 10, 2012 (see Docket #11).  It is ironic that Ms. Korman filed her frivolous motion just 4 hours after we filed the Affidavit of Service referencing service on Ms. Korman's office but Ms. Korman conveniently failed to negate the fact that at the time that she filed her instant motion, her client WAS INFACT ALREADY served (see Docket #11).  Not only has Ms. Korman's client been served and not only has she failed to communicate with her client or our firm regarding same, she very well knew that we had until October 16, 2012 to file the Affidavit of Service, yet she gracefully still filed the instant frivolous motion.

	Instead of filing this Letter Motion and unnecessarily consuming this honorable court's time, Ms. Korman as an officer of the court should have in good faith contacted our office and we would have quickly pointed out that her frivolous assumptions were simply erroneous.  Ms. Korman could have just as easily contacted her client to confirm the status of service upon them.  However, Ms. Korman in bad faith has involved this honorable court and has even gone ahead and produced private e-mail communications to this court (see Docket #10, Exhibit A) – both actions we believe to be sanctionable.

	Your Honor's order specifically indicated dates that we must abide by and we had every intention of complying with same, which we did.  A simple e-mail and/or a quick telephone call to Ms. Korman's client, would have infact verified that they were properly served (Ms. Korman filed the instant motion on October 10, 2012 at 5:49 p.m., whereas,

her client was served at 1:00 p.m.) which clearly demonstrates that the motion filed by Ms. Korman is frivolous.  Not only is the instant motion frivolous, it was brought with the intent to harass and force us to spend valuable time on defending a motion which should never have been filed in the first place.  A simple email to us or a reasonable investigation with her client would have prevented the wasting of the courts valuable time.  The fact that there was no communication with our firm and/or with her client, clearly demonstrates Ms. Korman's bad faith in the filing of her frivolous motion, such unethical behavior is inexcusable and warrants sanctions.

        Very truly yours,

        /s/

        Maxim Maximov, Esq.

cc:    VIA E-MAIL
        hkorman@melharrislaw.com
        Hilary Korman, Esq.
        Mel S. Harris & Associates LLC
        5 Hanover Square, 8th Floor
        New York, New York 10004