**Mel S. Harris and Associates, LLC**
**ATTORNEYS AT LAW**
**5 HANOVER SQUARE, 8th Floor**
**NEW YORK, NY 10004**
Tel (866) 414-7444  (212) 571-4900
**Fax (212) 571-0965**

MEL S. HARRIS                                               HILARY KORMAN
DAVID WALDMAN                                               JOEL VAGO
ARTHUR SANDERS                                              SHELBY K. BENJAMIN
<u>SCOTT WORTMAN</u>                                        RACHEL HISLER

October 11, 2012

<u>        VIA ECF        </u>
Chief Magistrate Judge Steven M. Gold
U. S. District Court
Eastern District of New York
Brooklyn, NY. 11201

*RE:*   **RESPONSE AND REPLY TO OPPOSITION RE: REQUEST FOR RELIEF FOR PLAINTIFF'S VIOLATIONS OF JUDGE GOLD'S 10/1/2012 ORDER, AND REQUEST FOR PRE-MOTION CONFERENCE TO FILE MOTION TO DISMISS FOR INSUFFICIENT SERVICE AND FAILURE TO PROSECUTE**
*Feder v. Capital Management Services, L.P.*
U.S. District Court, E.D.N.Y. Case No. 12-2505(JBW)(SMG)

Dear Judge Gold:

We are the attorneys for the defendant Capital Management Services, L.P. ("Capital Management") in the above-styled action. This letter is submitted in response to plaintiff's Docket No. 12 response to our application for a pre-motion conference and other relief as a result of deficient attempts at service of process. This letter is additionally submitted in response to a second "declaration of service" filed with the Court in support of alleged service of process on Capital Management yesterday (*see* Docket No. 11).

To be clear, despite plaintiff's assertions, this issue has been brought to the Court's attention due to the fact that plaintiff has not properly complied with the federal rules, and, despite plaintiff's representations, Capital Management's time to answer has not yet started to run and jurisdiction has not been obtained. As a result, dismissal is warranted.

Unfortunately, plaintiff's opposition makes clear that plaintiff still does not comprehend how to comply with Rule 4, and, what's worse, goes as far as requesting sanctions against the undersigned for plaintiff's deficiencies. That is, throughout plaintiff's opposition, he insists that he complied with the Court's straightforward October 1st order by submitting "the complaint for service." First, our contact at Capital Management was not notified about yesterday's purported delivery until this morning, after our initial motion was submitted, and when we were additionally informed. Although it is patently unclear why plaintiff's counsel would attempt "service" on both defendant's attorney and then defendant directly, the second attempted service has the same issue as the first; a summons and complaint was not served as is required by Rule 4(h). Rather, a *waiver of service* was delivered pursuant to Rule 4(d) requesting that

Chief Magistrate Judge Steven M. Gold
October 11, 2012
Page 2

defendant fill out the form and *waive service of a summons* (see **Exhibit A**). Despite the Court's clear direction to simply serve the summons and complaint on the defendant by a date certain, after having given plaintiff another chance to properly effectuate service despite being outside of the 120 day period, it is inexplicable why a waiver of service would still be sent. It seems plaintiff truly believes that sending a waiver of service is equivalent to service of a summons and complaint given the confusing declarations and his adamant opposition. Notwithstanding that, the waiver that plaintiff himself had delivered clearly states that if the waiver is not returned, *within 30 days,* that a formal summons and complaint must be served. To add insult to injury, in Docket No. 11 docket text, despite the allowance of 60 days to answer referenced in the waivers in the event that it is executed and returned within the 30 days, plaintiff indicates that Capital Management only has 21 days to do so, as if a summons and complaint were actually served. To be clear, it is not the date of attempted service that is in violation of the Court's order, it is the *manner* in which plaintiff chose to proceed.

The manner is especially perplexing given multiple previous attempts by plaintiff to waive service at the incorrect address and in a fatal form. As to plaintiff's apparent claims of multiple "service" attempts on our office on October 1st and/or October 3rd, while it is difficult to follow plaintiff's logic in his letter, the explanation does not hold up as Mr. Maximov's co-counsel appeared in Court later in the afternoon on October 1st and equally acknowledged that service had not taken place.

It should be noted that our firm regularly practices in Federal Court and has never once had this sort of issue with an adversary, pro se or otherwise. In sum, plaintiff's hostile opposition still does not cure or address the underlying problem; that service of a summons and complaint, in accordance with Rule 4, has not taken place. As a result, the case is ripe for dismissal.

Thank you for your consideration.

Respectfully submitted,


\_\_\_\_/s/ Hilary Korman_____
Hilary F. Korman, Esq.
Attorney for Defendant
Mel S. Harris & Associates, LLC
5 Hanover Square, 8th Fl.
New York, NY. 10004
(212) 571-4900 Ext. 3309


*cc*:
Attorneys for Plaintiff via ECF and Electronic Mail
hrahman@rahmanlegal.com; mmaximov@mmaximov.com